UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Danny Albert Nichols,

              Plaintiff,                    Case Number: 23-10570
                                              Honorable Denise Page Hood

v.

Jodi Deangelo, et al.,

              Defendants.

_____/

**OPINION AND ORDER**
**(1) DISMISSING DEFENDANT DEANGELO,**
**(2) DISMISSING SIXTH AMENDMENT CLAIM,**
**(3) DIRECTING PLAINTIFF TO SHOW CAUSE**
**WHY CASE SHOULD NOT BE DISMISSED, AND**
**(4) DENYING MOTION TO APPOINT COUNSEL**

Plaintiff Danny Albert Nichols, Jr., has filed a *pro se* complaint for money damages under 42 U.S.C. § 1983. (ECF No. 1.) Nichols is a state prisoner in the custody of the Michigan Department of Corrections (MDOC), presently confined in the Woodland Center Correctional Facility in Whitmore Lake, Michigan. He alleges that defendants, who are all employed by the MDOC, have violated his rights under the Sixth and Eighth Amendments.

Nichols fails to state a claim under the Sixth Amendment. He also fails to state a claim against Defendant Jodie Deangelo. The Court will dismiss the Sixth Amendment claim and defendant Deangelo under 28 U.S.C. § 1915(e)(2)(B). Additionally Nichols names the defendants only in their official capacity, but state

officials cannot be sued for money damages in their official capacity.  The Court will order Nichols to show cause why the complaint should not be dismissed on that basis.

## I.  Legal Standard

Nichols has been granted leave to proceed without prepayment of the filing fee for this action.  Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an in forma pauperis complaint before service if it determines the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  *See* 42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S.

2

at 555. Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a federal civil rights claim, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978). A *pro se* civil rights complaint is to be construed liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

## II. Motion for Appointment of Counsel

Nichols seeks the appointment of counsel to assist him in litigating this case. The Court has discretion to determine whether counsel should be appointed in a civil case. *Garrison v. Michigan Department of Corrections*, 333 F. App'x 914, 917 (6th Cir. 2009). The Court finds that the interests of justice do not require the appointment of counsel at this time. *See* 18 U.S.C. § 3006A(a)(2)(B).

## II.  Discussion

Nichols alleges that Defendants violated his rights under the Sixth and Eighth Amendments.  He states that, on the evening of December 20, 2022, defendant Masassabie, a corrections officer, assaulted him by kneeing him in his side and punching him in the head.  (ECF No. 1, PageID.6.)  Defendant Tippa ordered Masassabie to place Nichols into a "shower cage" where Nichols remained for 13-1/2 hours without food or access to a bathroom.  (*Id.*)  Nichols further states that defendants Haistings and Colon were present and allowed Masassabie to assault him.  (*Id.* at PageID.5.)

Nichols fails to state a claim against defendant Deangelo, warden of the Woodland Correctional Facility.  His only allegation against Deangelo is that she allowed Masassabie to assault him.  (*See* ECF No. 1, PageID.5.)  Liability under § 1983 may not be based on a theory of *respondeat superior* or vicarious liability. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-92 (1978). A supervisor's failure to supervise, train or control an employee is not actionable under § 1983, unless the plaintiff shows "the official at least implicitly authorized, approved, or knowingly acquiesced in the unconstitutional conduct . . ."  *Hays v. Jefferson County*, *Ky.*, 668 F.2d 869, 874 (6th Cir. 1982).  Nichols does not claim that Deangelo was present during the alleged assault, that she authorized the assault, or

that she otherwise had any active involvement in the alleged unconstitutional behavior. He, therefore, fails to state a claim against Deangelo.

Nichols also fails to state a claim under the Sixth Amendment. The Sixth Amendment guarantees trial rights to criminal defendants: the rights to a speedy and public trial, to a lawyer, to an impartial jury, to be informed of the nature and cause of the accusations against them, to confront witnesses against them, to call witnesses on their behalf, and to self-representation. See U.S. CONST. amend. VI. Nichols asserts only that his Sixth Amendment rights were violated. He fails to state in what way defendants violated these rights or to present any factual allegations to support this claim. This is likely because the Sixth Amendment is inapplicable in this context. The guarantees of the Sixth Amendment apply only to "criminal prosecutions." *Kirby v. Illinois*, 406 U.S. 682, 690 (1972). The Sixth Amendment claim will be dismissed.

Finally, Nichols names the defendants only in their official, rather than personal, capacities. The Eleventh Amendment bars civil rights actions for monetary damages in federal court brought against states and state employees in their official capacities unless the State has "waived its immunity" or its immunity has been abrogated by Congress. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Michigan has not waived its immunity to civil suits in federal courts

nor has Congress abrogated its immunity. *See Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

Because Plaintiff names the defendants in their official capacities only, the Court will require him to show cause within thirty days why the case should not be dismissed based on Eleventh Amendment immunity.

## III.  Order

Accordingly, Defendant Warden Jodi Deangelo is DISMISSED and Plaintiff's claims alleging a Sixth Amendment violation are DISMISSED.

Plaintiff's motion for appointment of counsel (ECF No. 5) is DENIED.

Plaintiff must SHOW CAUSE in writing within thirty days why the case should not be dismissed based on Eleventh Amendment immunity.

IT IS SO ORDERED.

s/Denise Page Hood
United States District Judge

Dated: May 18, 2023